QUESTION: May a violation of a municipal ordinance be deemed a violation of state law for the purpose of requiring the Florida Parole and Probation Commission to supervise defendants who are placed on probation when the city and a county have joined together in a consolidated government such as the City of Jacksonville and Duval County?
SUMMARY: Unless the consolidated city council determines that the consolidated government shall be considered to be a county for purposes of violations of municipal ordinances, a violation of a municipal ordinance of the City of Jacksonville is not a violation of state law requiring the Florida Parole and Probation Commission to supervise defendants who are placed on probation. Your question is answered in the negative. This issue has been answered in AGO's 071-339 and 072-377. In the prior opinions, it was pointed out that the question of whether the Parole and Probation Commission can be legally required to supervise a defendant placed on probation by the county court is determined by whether there has been a violation of state law. By virtue of s. 125.69, F.S., violations of county ordinances are made violations of state law. Under s. 948.01, F.S., an offender under a county ordinance could be placed on probation under the custody of the commission. In AGO 072-377, however, it was stated that no statute exists which equates the violation of a municipal ordinance with a violation of state law. This remains true today. In fact, the Florida Supreme Court, in holding the rent control ordinance of Miami Beach unconstitutional, said that: Municipal Ordinances are inferior in status and subordinate to the laws of the State and must not conflict therewith. [City of Miami Beach v. Fleetwood Hotel, Inc.,261 So.2d 801 (Fla. 1972), at 806.] Though much of Fleetwood Hotel case, supra, was in effect overruled by the Florida Supreme Court in City of Miami Beach v. Forte Towers, Inc., 305 So.2d 764 (Fla. 1974), the principle that a municipal ordinance is not the equivalent of state law does not appear to have been changed. Thus the status of a municipal ordinance remains the same as noted in the two above-cited opinions. Article 23, s. 23.03 of the Consolidated City Charter of Jacksonville empowers the City of Jacksonville to elect whether it will be considered a county or a municipality for the purpose of conflicting laws. Such an election would alleviate the problem. Unless the City of Jacksonville makes this election under Art. 23, s. 23.03 of the Consolidated City Charter of Jacksonville, it is my opinion that the Florida Parole and Probation Commission cannot be required to supervise defendants who are placed on probation for violations of municipal ordinances.